UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRAZIER CUNNINGHAM,

    Plaintiff,

vs.

STATE OF MICHIGAN
DEPARTMENT OF STATE POLICE,
TROOPER SONSTROM, and
TROOPER LUCIO, individually
and in their official capacities

    Defendants.
_____/

Case No. 17-14224

HON. AVERN COHN

# MEMORANDUM AND ORDER
# GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL (Doc. 10)

I.

This is an civil rights case. Plaintiff Frazier Cunningham is suing the State of Michigan Department of State Police, Trooper Benjamin Sonstrom, and Trooper Lisa Lucio.[1] The complaint asserts the following claims:

    Count I    violation of 42 U.S.C. § 1983 as to all defendants
    Count II    gross negligence - defendants Sonstrom and Lucio
    Count III    municipal/supervisory liability - defendant Michigan
                     State Police

On April 5, 2018, defendants filed a motion for partial dismissal, contending that all claims except an excessive force claim under Court I against Sonstrom must be dismissed. (Doc. 10). Under the local rules, a response was due on or about April 30,

---

[1] Although the complaint names Lisa Lucio, defendants say her last name is Smith.

2018. Plaintiff did not file a response. However, on May 10, 2018, the parties stipulated that plaintiff could respond to the motion by May 18, 2018. (Doc. 12). Plaintiff did not file a response on that date. Accordingly, on June 5, 2018, the Court issued an order to show cause, directing plaintiff to file a response on or before June 12, 2018.[2] (Doc. 13). June 12 has passed and plaintiff has not responded to defendant's motion.

## II.

The law in this Circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion. In Carver v. Bunch, 946 F.2d 451, 453-54 (6th Cir.1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States AG Office, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

---

[2]The order to show cause erroneously stated that a failure to respond may result in dismissal of the case. Because defendants are seeking only a partial dismissal, the Court will not dismiss the entire case.

III.

Plaintiff's failure to respond to the motion could be viewed as a failure to prosecute/abandonment of the claims which are the subject of the motion. However, the Court has reviewed defendant's motion and finds it to be well-taken. As fully explained in defendants' brief, plaintiff has not alleged a plausible claim against the Michigan State Police or Lucio, nor can he assert an independent claim of gross negligence against either Sonstrom or Lucio. Rather, the only plausible claim is a § 1983 excessive force claim under Count I against Sonstrom.

Accordingly, defendants' motion for partial dismissal is GRANTED. The case will proceed against Sonstrom only on a claim of excessive force.

The Clerk shall schedule a status conference to chart the future course of the case.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/21/2018
     Detroit, Michigan